IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RICKEY GLENN LANGFORD,[1] ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> WARDEN CHRISTOPHER ) <br> GORDY, and the ) <br> ATTORNEY GENERAL OF ) <br> THE STATE OF ALABAMA; ) <br> ) <br> Respondents. ) | Case No. 5:17-cv-342-MHH-TMP |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging his August 2012 convictions for trafficking in controlled substances, possession of a controlled substance, first-degree possession of marijuana, second-degree assault, and resisting arrest. He is serving a term of life in prison for trafficking with a consecutive life term for assault, two concurrent sentences of 25 years for the possession charges, and one concurrent sentence of one year for

---

[1] In the state court trial proceedings, petitioner's last name is frequently spelled "Lanford." His signature on post-trial pleadings and on pleadings in this court, however, indicate that his last name is "Langford." The state appellate courts refer to "Lanford" as an alias. In any event, there appears to be no dispute that the state-court records submitted by the respondents pertain to the petitioner.

1

resisting arrest. The petitioner, Rickey Glenn Langford, filed his *pro se* petition for writ of *habeas corpus* on February 27, 2017.[2] He is incarcerated at the Limestone Correctional Facility in Harvest, Alabama. In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

## PROCEDURAL HISTORY

On August 29, 2012, petitioner was found guilty of trafficking, possession, resisting arrest, and second-degree assault.[3] He was sentenced to two consecutive terms of life imprisonment on the trafficking and assault charges, and to two concurrent terms of 25 years for the possession charges, along with a concurrent term of one year for resisting arrest. He appealed, raising the following issues: (1) that the search warrant was invalid because it was issued by a magistrate from another jurisdiction, and (2) that the trial court erred in failing to exclude testimony regarding the weight of the oxycontin pills made the basis of the drug charges

---

[2] Although the petition was received by the court on March 2, 2017, it was signed and dated on February 27, 2017. Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

[3] He was acquitted of the charge of attempting to elude a police officer.

based upon the failure of the prosecution to lay a proper foundation. (Doc. 5-11, p. 10). His conviction was affirmed by the Alabama Court of Criminal Appeals on October 25, 2013, which held that the search warrant issue was not jurisdictional and had not been properly preserved for appeal, and that the admission of the testimony regarding the weight of the drugs was not erroneous. (Doc. 5-14). He sought rehearing, which was denied, and he sought review in the Alabama Supreme Court, raising the single issue of whether the search warrant challenge could be raised for the first time on appeal. The state supreme court denied his petition for writ of *certiorari* on February 14, 2014.

On February 2, 2015, petitioner filed a Request to Proceed *In Forma Pauperis* in the Madison County Circuit Court.[4] The request was summarily denied on February 9, 2015. On February 20, 2015, he filed a motion for leave to proceed *in forma pauperis* in the Alabama Court of Criminal Appeals, which treated the motion as a petition for writ of *mandamus* that sought to compel the

---

[4] Although petitioner apparently filed the Rule 32 petition itself in the state court on an earlier date, under Alabama law a Rule 32 petition is not deemed filed until either the filing fee is paid or a motion to proceed *in forma pauperis* is filed. The pertinent provision states that a Rule 32 proceeding is commenced by "filing a petition, verified by the petitioner or the petitioner's attorney, with the clerk of court ... using or following the form accompanying this rule." Ala. R. Crim. P. 32.6(a). However, courts have opined that a Rule 32 petition is not deemed filed in the absence of the payment of the fee or the application for *in forma pauperis* status. Hyde v. State, 950 So. 2d 344 (Ala. Crim. App. 2006).

circuit court to grant his motion for *in forma pauperis* status. Petitioner signed a certificate of service, specifically indicating that he had served the Clerk of Court for Madison County and the Clerk of Court for the Alabama Court of Criminal Appeals. More generally, however, he stated that he had served a copy "upon all parties." (Doc. 5-18). On March 5, 2015, the appellate court notified petitioner that he was ordered to file a certificate of service within 14 days that complied with the service requirement of Rule 21(a) of the Alabama Rules of Appellate Procedure. (Doc. 5-19). He then filed a brief in support of his petition for writ of *mandamus*, indicating that he had served the Clerk of Court for the Court of Criminal Appeals and the attorney general. (Doc. 5-20). He also filed a "Motion to File Lesser Number of Copies Pursuant to Ala. R. App. P. Rule 2(b)" on March 13, 2015, in which he sought "permission to file a lesser number of copies with the Clerk of this Honorable Court serving the remaining parties." (Doc. 5-21). The motion was granted; however, on April 2, 2015, the appellate court dismissed the petition for failure to comply with the service requirements. He filed another petition for writ of *mandamus* in the Alabama Supreme Court on April 29, 2015, which was denied on June 24, 2015.

On December 21, 2015, petitioner filed a petition for writ of *habeas corpus* in the Limestone County Circuit Court (the court of the county in which he was

incarcerated). The petition was treated as a petition filed pursuant to Alabama Rule of Criminal Procedure 32, and was transferred to the Madison County Circuit Court. The Madison County Circuit Court dismissed the petition as untimely, and as barred by "various provisions" of Rule 32.2. Langford appealed to the Alabama Court of Criminal Appeals, which affirmed the denial of the petition, stating that the Rule 32 petition was untimely filed and was precluded. He did not timely seek rehearing, and a certificate of judgment was issued on September 21, 2016. He filed a motion in the Alabama Court of Criminal Appeals seeking relief under Rule 60(b)(6)(1) after the certificate of judgment was entered, but no action was taken by the court. He then filed a petition for writ of *certiorari* in the Alabama Supreme Court, which was struck as improperly filed on November 17, 2016.

On February 27, 2017, petitioner filed the instant *habeas* petition in this court challenging the convictions, asserting that: (1) the conviction was the consequence of an illegal search and seizure in violation of the Fourth Amendment; (2) he was actually innocent of the crime he was convicted of, resulting in a violation of his Due Process and Equal Protection rights; (3) he received ineffective assistance of counsel in that his attorney at trial failed to challenge the search warrant; and (4) his conviction was obtained in violation of

the Supremacy Clause. (Doc. 1, pp. 10-11). Pursuant to this court's order to show cause, the respondents filed an answer on March 22, 2017, supported by exhibits, asserting that petitioner's claims are time-barred, procedurally defaulted, and otherwise without merit. By order dated the same date, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing Section 2254 Cases</u>. After seeking and receiving an extension of time in which to file a response, petitioner filed a response on May 3, 2017.

## TIMELINESS

The respondents assert that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d). The provision, enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

It is clear that, under subsection (d)(1)(A), the instant petition would be time-barred, because it was filed more than a year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as set forth in § 2254(d)(1)(A). In this case, the petitioner's conviction became final no later than May 15, 2014, (90 days after the certificate of judgment was issued) when the time for filing a petitioner for writ of

*certiorari* in the United States Supreme Court expired. Accordingly, a timely § 2254 petition could have been filed no later than May 16, 2015.

The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court.

In the instant case, the respondents assert that the petitioner did not seek any relief pursuant to Rule 32 until December 21, 2015, more than seven months after the one-year period had expired. The respondents further assert that, because the petition was filed after the one-year period expired, he is not entitled to tolling for the Rule 32 petition. The respondents do not address whether Langford's attempt to file a Rule 32 petition in February of 2015 had any tolling effect on the one-year statute of limitations.

The court is not inclined to completely discount the petitioner's attempt in February 2015 to seek post-conviction relief. It appears that he did commence the Rule 32 process by filing his application to proceed *in forma pauperis* on

February 2, 2015. The application was denied on February 9, 2015, but it is undisputed that petitioner was at that time unable to pay the $426 filing fee, as evidenced by his record from the jail account that showed a balance of $21.34 in the month before he filed the petition. (Doc. 5-18, pp. 3, 5). He continued to litigate the denial of his application to proceed *in forma pauperis* through June 24, 2015, when the Alabama Supreme Court denied his petition. It can be argued[5] that the time period from February 2, 2015, until June 24, 2015, does not qualify for the tolling available under § 2244(d)(2) because no "properly filed" Rule 32 petition was then pending. That argument would arise from the Alabama rule that a Rule 32 petition is not deemed filed until the date on which the filing fee is paid or the request to proceed *in forma pauperis* is submitted. Hyde v. State, 950 So. 2d 344, 353 (Ala. Crim. App. 2006) (overruling Clemons v. State, 55 So. 3d 324 (Ala. Crim. App. 2003), which pegged the date of filing on the date the trial court *approved* the motion for leave to proceed *in forma pauperis*). At the same time, the Alabama Supreme Court has noted that it is an abuse of discretion for a trial court to deny an application to proceed *in forma pauperis* where the application is accompanied by the requisite jail account statement that shows that the petitioner is

---

[5] The respondents do not address that period of time in their discussion of the application of the statute of limitations.

unable to pay the filing fee. Ex parte Dozier, 827 So. 2d 774, 776 (Ala. 2002) (finding error where the court denied application in spite of the petitioner's submission of a jail account statement that showed petitioner had a zero balance when the petition was filed).[6] This court need not, however, determine whether the state court abused its discretion in denying his application for *in forma pauperis* status, and, thus, whether his Rule 32 petition should be deemed properly filed for purposes of § 2244(d)(2).

The court finds that the time during which petitioner sought to have his first Rule 32 petition filed without payment of the fee entitled him to another type of tolling. It is well settled that an exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling. The Eleventh Circuit Court of Appeals has recognized that the limitations period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999).

---

[6] At the time that the petitioner in Dozier filed his Rule 32 petition in the Calhoun Circuit Court, the docket fee for filing a postconviction petition was $140. Under Alabama Rules of Criminal Procedure, "indigent" is defined as "financially unable to pay for his or her defense." Rule 6.3(a), Ala. R.Crim. P. The court in Dozier noted that the petitioner had no funds in his account at the time of filing and that nothing before the court indicated that the inmate's financial status had changed since he filed his petition. Ex parte Dozier, 827 So. 2d at 776.

The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent." Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1312-13 (11th Cir. 2001). To establish diligence a petitioner must "present evidence showing reasonable efforts to timely file his action." Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004), aff'd, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In this case, petitioner has demonstrated that he attempted, with diligence and in good faith, to file a timely Rule 32 petition. Although the trial court denied his application for *in forma pauperis* status in spite of the fact that he lacked the funds to pay the filing fee, he was doing everything within his power to pursue the post-conviction remedy that should have been

available to him. The court thus finds that the circumstances in this case give rise to the application of equitable tolling.

Petitioner is thus entitled to a tolling of the time period from the date he sought to proceed with the Rule 32 petition by filing his application on February 2, 2015, until that issue was ultimately decided on June 24, 2015. Accordingly, the one-year time period began to run when his conviction became final on May 15, 2014, and continued to run for 264 days, until February 2, 2015, when he filed the application to proceed *in forma pauperis*. The time period was tolled until June 24, 2015, when the Alabama Supreme Court ultimately denied his "appeal," which had been properly treated as a petition for writ of *mandamus*. On June 25, 2015, however, the one-year period began to run again, and the petitioner had 101 days remaining in which to timely seek federal *habeas* relief. Accordingly, the petitioner had until October 25, 2015, in which to timely file the instant petition. He did not seek federal *habeas* relief, however, until February 27, 2017, more than 16 months after the one-year period had expired.[7] Accordingly, the instant

---

[7] Even if the state-court Rule 32 petition that Langford filed in December 2015, which was ultimately dismissed as untimely, could be deemed "properly filed," it was filed after the one-year federal statute of limitations had run (even considering the equitable tolling that this court is granting because of the first petition), and therefore could not have any tolling effect. See Tinker v. Moore, 255 F. 3d 1331, 1333 (11th Cir. 2001).

petition for writ of *habeas corpus* is due to be denied and dismissed as time-barred.[8]

## RECOMMENDATION

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint

---

[8] Because the petition is time-barred, the court need not address the issues of procedural default or cognizability raised by the respondents.

which the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will made a de novo determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The parties may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to petitioner at his most recent address.

DATED this 20th day of November, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE