IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RICKEY GLENN LANGFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 5:17-cv-342-MHH-TMP |
| ) | |
| WARDEN CHRISTOPHER GORDY, ) | |
| and the ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

On November 20, 2017, the magistrate judge filed a report in which he recommended that the Court dismiss with prejudice as time barred petitioner Rickey Glenn Langford's 28 U.S.C. § 2244 petition for writ of habeas corpus. (Doc. 12). Mr. Langford filed objections to the report and recommendation. (Doc. 13).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the

Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objections, Mr. Langford contends that the statutory time bar contained in 28 U.S.C. § 2244(d) does not apply to convictions where the underlying court of conviction lacked jurisdiction. Mr. Langford contends that an illegal search warrant was obtained to search his residence, causing the evidence against him to be illegal. Therefore, he argues, the trial court lost or never had jurisdiction to adjudicate the drug-trafficking charges on which he was convicted. The Court is not persuaded by Mr. Langford's argument.

The state trial court was not without jurisdiction simply because a Fourth Amendment search issue existed with respect to evidence offered in the case. Such Fourth Amendment issues are usually left to the state court for resolution. *See Stone v. Powell*, 428 U.S. 465 (1976). Because there is no genuine issue concerning the jurisdiction of the court of conviction, Mr. Langford's objection is

2

without merit.

Mr. Langford asserted in his habeas petition that he is actually innocent of the charges on which he was convicted, and this allegation may itself be a basis for avoiding the time bar. (Doc. 1, p. 12) (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). As the Supreme Court explained in *McQuiggin*:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329; *see House*, 547 U. S., at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332.

*McQuiggin*, 569 U.S. at 386-87 (citing and quoting *Schlup v. Delo*, 513 U.S. 298 (1995)). Thus, with a convincing showing of new evidence proving the petitioner to be actually innocent, he may avoid the time bar.

Mr. Langford has not offered convincing "new evidence" of actual innocence. At best, he argues that the evidence presented at trial was not sufficient to show that he is guilty. This is not an adequate showing of new evidence of innocence.

3

> [A]s the *Schlup* decision explains, the gateway actual-innocence standard is "by no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)," which governs claims of insufficient evidence. *Id.*, at 330, 99 S. Ct. 2781. When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. Because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. *See ibid*.

*House v. Bell*, 547 U.S. 518, 538 (2006).

Because courts trust jurors to resolve evidentiary disputes, a *Schlup* gateway claim requires more than simply re-weighing the evidence at trial; it requires new, credible, and reliable evidence proving the innocence of the petitioner such that it is more likely than not that no reasonable juror would convict the petitioner. The Eleventh Circuit Court of Appeals has explained:

> To meet the proper standard, "the petitioner must show that *it is more likely than not that no reasonable juror* would have convicted him in the light of the new evidence." [*Schlup*], 130 L. Ed. 2d at 867 (emphasis added). This showing is more than that showing required to establish prejudice. *Id.* The Supreme Court in *Schlup* said this about the needed evidence: "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 865.

4

*Kuenzel v. Comm'r, Alabama Dep't of Corr.*, 690 F.3d 1311, 1314–15 (11th Cir. 2012) (italics in original).

Mr. Langford has not offered credible new and reliable evidence of his innocence. Rather, he re-argues the evidence from the trial, contending that it does not establish that he constructively possessed the controlled substances in question. He argues that there is evidence that the mobile home searched by police was not his residence, but this is an issue he litigated at trial, and the jury found him guilty. The prosecution offered testimony to establish that Mr. Langford's driver's license listed the address of the search as his residence.

Mr. Langford has not proven that he is actually innocent of the drug trafficking offenses. Accordingly, he cannot avoid application of the one-year time bar of § 2244(d) under *McQuiggin*, and the Court overrules any objection to the magistrate judge's conclusion that this habeas petition is time-barred.

Having reviewed and considered de novo Mr. Langford's habeas petition, the report and recommendation, and Mr. Langford's objections, the Court adopts the magistrate judge's report and accepts his recommendation. The Court will enter a separate final order consistent with this memorandum opinion.

**DONE** this December 30, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE